**JS-6**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| RANCHO HORIZON, LLC, | ) | NO. CV 13-9365 FMO (JCx) |
| Plaintiff, | ) | |
| v. | ) | **ORDER REMANDING ACTION** |
| NAIRA DANIELYAN, et al., | ) | |
| Defendants. | ) | |

On December 19, 2013, defendant Naira Danielyan ("defendant"), having been sued by Rancho Horizon, LLC ("plaintiff") in what appears to be a routine unlawful detainer action in California state court, filed a Notice of Removal of that action on federal question grounds pursuant to 28 U.S.C. §§ 1331 and 1441. (See Notice of Removal at 2-3).

Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. §§ 1447(c);[1] Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter

---

[1] 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks and citations omitted). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See id. ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Here, the court's review of the Notice of Removal and the attached state court complaint, (see, generally, Notice of Removal & Exh. A ("Complaint")), make clear that this court has neither federal question nor diversity jurisdiction over the instant matter. Plaintiff could not have brought this action in federal court, in that plaintiff does not competently allege facts supplying either federal question or diversity jurisdiction, and therefore removal was improper. See 28 U.S.C. §§ 1441(a);[2] Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

First, there is no basis for federal question jurisdiction, as the state court complaint contains a single cause of action for unlawful detainer. (See, generally, Complaint). The state court complaint discloses no claim arising under federal law. (See, generally, id.); see also Wescom Credit Union v. Dudley, 2010 WL 4916578, at *2 (C.D. Cal. 2010) ("An unlawful detainer action

---

[2] 28 U.S.C. § 1441(a) provides that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

1  does not arise under federal law.") (citation omitted); see also Indymac Fed. Bank., F.S.B. v.
2  Ocampo, 2010 WL 234828, at *2 (C.D. Cal. 2010) ("No federal claim is alleged in the Complaint,"
3  where "[t]he Complaint contains a single cause of action for unlawful detainer.").

Further, there is no merit to defendant's contention that federal question jurisdiction exists because "Plaintiff's claim is based upon a notice which expressly references and incorporate the 'Protecting Tenants at Foreclosure Act of 2009 [("PTFA")],' 12 U.S.C. § 5201" and "Plaintiff did not allow the ninety day period to lapse before filing her claim." (See Notice of Removal at 2-3). The PTFA does not create a private right of action; rather, it provides a defense to state law unlawful detainer actions. See Logan v. U.S. Bank Nat. Ass'n, 722 F.3d 1163, 1164 (9th Cir. 2013) (affirming dismissal of the complaint because the PTFA "does not create a private right of action allowing [plaintiff] to enforce its requirements"); accord Wescom, 2010 WL 4916578 at *2 ("The PTFA's provisions requiring that notice be given ninety days in advance and preventing termination of a bona fide lease unless a purchaser will occupy the unit as a primary residence, . . . offer [defendant] a federal defense to an unlawful detainer action where the plaintiff fails to comply with these requirements. A federal defense, however, does not support federal-question jurisdiction.") (citation omitted). It is well-settled that a "case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Caterpillar, 482 U.S. at 393, 107 S.Ct. at 2430. Thus, to the extent defendant's defenses to the unlawful detainer action are based on alleged violations of federal law, those defenses do not provide a basis for federal question jurisdiction. See id. Therefore, there is no basis for federal question jurisdiction.

Second, there is no basis for diversity jurisdiction because the amount in controversy does not exceed the diversity jurisdiction threshold of $75,000. See 28 U.S.C. § 1332;[3] see also Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) (where the district court remanded

---

[3] In relevant part, 28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

based on two independent grounds of diversity of citizenship and amount in controversy, the Ninth Circuit concluded that either was sufficient). On the contrary, the caption of the Complaint recites that the amount in controversy "does not exceed $10,000." (See Complaint at 1); see also Cal. Rules of Court 2.111(9). The only other reference to the amount in controversy is in plaintiff's enumerated requests for: (1) damages in the amount of $50.00 per day beginning October 16, 2013, or as allowed by law; and (2) plaintiff's costs of suit. (See Complaint at 3); see also St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 291, 58 S.Ct. 586, 591 (1938), superseded by statute on other grounds (the status of a case as disclosed by a plaintiff's complaint is controlling for purposes of removal). Because the amount of damages that plaintiff seeks appears to be $75,000 or less, defendant fails to meet his burden of proving by a preponderance of the evidence that the amount in controversy meets that jurisdictional threshold. See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004) ("Since it [was] not facially evident from the complaint that more than $75,000 [was] in controversy, [defendant] should have proven, by a preponderance of the evidence, that the amount in controversy [met] the jurisdictional threshold.") (internal quotation marks and citations omitted). Therefore, there is no basis for diversity jurisdiction.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

### CONCLUSION

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, Northeast District, Pasadena Courthouse, 300 East Walnut Street, Pasadena, California 91101, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

Dated this 28th day of January, 2014.

/s/
Fernando M. Olguin
United States District Judge